IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No.

SHARON M. POLAND,

    Plaintiff,

v.

TIMESOLV, LLC

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff SHARON M. POLAND ("Plaintiff" or "Poland"), by and through her undersigned counsel, hereby files this lawsuit against Defendant TIMESOLV, LLC, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Leon County, Florida.

5. Defendant TIMESOLV, LLC has a principal address at 3432 Denmark Avenue, Suite 105, Eagan, Minnesota 55123.

6. This cause of action arose in Leon County, Florida.

7. Leon County, Florida is proper venue for this action because Plaintiff at all times material hereto, was employed by and had dealings with Defendant in Leon County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

9. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant from November 18, 2019 up to and including her separation on July 19, 2021.

13. Plaintiff's position with Defendant was Success Manager with duties that included managing the daily calendar, create and follow up with prospective clients through email and phone calls, cross-selling, and one-on-one training and support for clients.

14. Plaintiff was a non-exempt employee under the FLSA.

15. Plaintiff regularly worked over forty (40) hours in a given work week.

16. Plaintiff estimates without the benefit of her wage and hour records, that she worked one night per week for eighteen (18) months, four (4) hours each night which would be calculated as 78 weeks x 4 = 312 hours. Her hourly pay is calculated to be $21.15/hour x 1.5 = Overtime rate of $31.73/hour.  Plaintiff is owed $31.73/hour x 312 hours = $9,899.76.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**

17.     Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

18.     Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

19.     Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

20.     Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

21.     The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

22.     Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

23.     As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

24.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

25.     As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

26. WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 27th day of August 2021.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Pamela N. Jorgensen
Pamela N. Jorgensen Esq.
Florida Bar Number 1008151
Primary e-mail: PJorgensen@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com